UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES RICHARD WESTFAL,

                Plaintiff,

-against-

MICHAEL FRANKLIN WESTFAL, ESQ.;
KENNETH C. GLASSMAN, ESQ.; BRENNAN
DOYLE, PARAMOUNT; JEFFREY DWORIN,
WELLS FARGO; RYAN KILBANE; OLIVIA
DE SALVO; CLARE ASHFORTH

                Defendants.

23-CV-9144 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction and diversity of citizenship jurisdiction, alleging that Defendants violated his rights. Named as Defendants are (1) Michael F. Westfal, an attorney at Mukasey and Frenchman, LLP; (2) attorney Kenneth Glassman; (3) Brennan Doyle, a sales representative at Paramount Pictures; (4) Jeffrey Dworkin, a "Director at S.O.S."; (5) Ryan Kilbane, an employee of Citadel Global Equities; (6) Olivia De Salvo; and (7) Clare Ashforth. By order dated November 20, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead his state law claims in an amended complaint alleging facts demonstrating that the Court has diversity of citizenship jurisdiction of this action.

---

[1] Plaintiff submitted his IFP application without a signature. By order dated October 20, 2023, the Court directed Plaintiff to resubmit a signed copy of signature page of his IFP application. (ECF 4.) The Court received Plaintiff's signature page on October 24, 2023. (ECF 5.)

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff brings his claims using the court's general complaint form, to which he attaches additional pages. He checks the boxes on the form to indicate that he brings his claims under both the Court's federal question and diversity of citizenship jurisdiction. In response to the question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Right to Free Speech, Right to Due Process, Right to Jury Trial, Right to Confront and Counsel, Excess Fines, Cruel and Unusual Punishment, Right to Privacy, Employment Discrimination." (ECF 1, at 2.) He states that the events giving rise to his claims occurred in New York between July 18, 2019 and the present. (*Id.* at 4.)

The following allegations are taken from the complaint. Beginning in 2019, "several individuals within the entertainment, corporate media, legal, technological, and financial companies have . . . destroyed [Plaintiff's] personal and professional reputation, dignity, and psychological health." (*Id.* at 8.) Defendants Glassman and Westfal, both of whom are attorneys,[2] "intentionally misled and misadvised [Plaintiff], despite claiming to be representatives who 'advocated' on [his] behalf, while also contributing to the psychological confusion, gaslighting, and manipulation that wreaked havoc on [his] life and career." (*Id.*) The unspecified individuals who have harmed Plaintiff have "gained considerable financial, professional, and personal advancements through this intentional harassment, and have even admitted to and bragged about having executed said actions against [Plaintiff]." (*Id.*)

CBS-Paramount has used "advanced technology to terrorize, defame [Plaintiff's] character, extort, gaslight, violently intimidate, levy false allegations, deliberately sabotage (even during live performances), and bribe individuals to slander [Plaintiff's] name." (*Id.*) There have been "many instances" in which Plaintiff has been targeted by "technological measures" that have "impact[ed] [his] ability to function in any normal capacity . . . railroading on social media being just one example." (*Id.*) He alleges that "during a performance of a reading of a new play online via Zoom, . . . one of these individuals hacked into the computer application and pasted images of George Floyd (just after his death), along with inappropriate sexual sounds, interrupting the play and all of the performances." (*Id.*)

Plaintiff further alleges that there have been "several instances in which certain persons have been manipulated or controlled to carry out actions against [him] through extortion, bribery, and have been incentivized through payment by employees of the aforementioned companies."

---

[2] Defendant Westfal is also Plaintiff's brother.

(*Id.*) For example, one individual "involved in this campaign has had a clear pattern of involving herself romantically and sexually with individuals [Plaintiff] once considered friends or had relationships with professionally (6-7 cases minimum) with the intent to distract, undermine, and spin [Plaintiff's] professional decisions as an actor." (*Id.*) This individual may have been provided "monetary and professional incentives to carry out such acts of sexual depravity" and may have been "coerced to do such acts while inebriated and under the influence of narcotics provided by said individuals." (*Id.*)

Plaintiff has experienced "severe emotional and psychological duress for four years" limiting his "ability to perform" or find employment. (*Id.* at 9.) He was forced to leave his home and move to another state "where this psychological warfare continued and only became worse." (*Id.*) The "slandering of [Plaintiff's] reputation has made procuring employment within my career in entertainment impossible" and Plaintiff has had to "struggle with severe financial difficulties, debt, and a huge hit" to his credit score. (*Id.*)

Plaintiff seeks between $500,000 and $1 million in damages.

## DISCUSSION

**A.     Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

      1.      **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the Court's federal question jurisdiction and asserts that Defendants violated a number of his federal constitutional rights. Claims for violations of a federal constitutional right arise under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As all Defendants are private parties who are not

alleged to work for any state or other government body, Plaintiff cannot state a claim against these defendants under Section 1983.

Plaintiff also asserts claims for "employment discrimination" (ECF 1, at 2), but he does not allege any facts suggesting that he was ever employed by any of the defendants or that any employer discriminated against him on the basis of a protected characteristic. Because Plaintiff does not allege any facts demonstrating a viable claim under federal law, the Court does not have federal question jurisdiction of this action. *See Nowak*, 81 F.3d at 1188-89.

### 2. Diversity of Citizenship Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual " has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff alleges that he is a citizen of the State of Connecticut. He provides what appear to be New York work addresses for Westfal, Glassman, Doyle, Dworin, and Kilbane. He also provides what appears to be a residential address in Connecticut for Ashforth, but he does not provide an address for De Salvo. Because Plaintiff does not provide residential addresses for Westfal, Glassman, Doyle, Dworin, Kilbane, and De Salvo, the Court is unable to determine

whether these individuals and Plaintiff are of diverse citizenship. In any event, because Plaintiff and Ashforth are both residents of Connecticut, Plaintiff does not allege that the parties are diverse.

A district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). The Court grants Plaintiff leave to file an amended complaint that drops Ashforth as a defendant and alleges facts demonstrating complete diversity between Plaintiff and the remaining Defendants.

**B.      Rule 8**

In addition to alleging facts demonstrating diversity of citizenship jurisdiction, Plaintiff's amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint does not comply with Rule 8. Plaintiff alleges that he has been harmed, harassed, defamed, "extort[ed]," and "violently intimidate[d]," but he alleges few, if any, specific facts in support of these conclusory assertions. To the extent he does appear to allege specific events giving rise to his claims, he does not allege facts suggesting how any of the named defendants were involved in those events. For example, Plaintiff alleges that "CBS-Paramount" has used "advanced technology" to defame and harass him and that "[t]hese tactics have all contributed to the destruction" of his work and career. (ECF 1, at 8.) He alleges no facts, however, suggesting that any individual defendant was involved in these events. If Plaintiff files an amended complaint asserting state law claims and alleging facts demonstrating that the Court has diversity jurisdiction, he must also allege sufficient facts to state a viable state law claim against each of the defendants.

C.      **Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts demonstrating a viable state law claim that the Court has diversity jurisdiction to consider, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' to replead any state law claims in an amended complaint that complies with the standards set forth above.

The Clerk of Court is instructed to keep this matter open on the docket until judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 2, 2024
New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge